## BENSON *vs.* GRIFFIN.

A representation by the seller of a horse, that a sore on the horse's eye was caused by a mule bite, is not so overcome by mere opinions to the contrary, founded on the appearance of the sore, as to require a jury to find that the represention was false.

*Certiorari*, in Carroll Superior Court. Decision by Judge HAMMOND, at the October Term, 1859.

Griffin, as bearer, brought suit against Benson, in a Justice Court, on a promissory note for forty dollars. The note was given by Benson for a horse, which he had purchased. Defendant pleaded the general issue and failure of consideration, in that the horse bought, and for which the note was given, was unsound.

The jury, in the Justice Court, found for the plaintiff the full amount of the note, and defendant sued out *certiorari* to review and correct said finding, on the ground that it was against the evidence.

The Court, after argument, dismissed the *certiorari*, and counsel for Benson excepted and assign said decision as error.

BURKE & BLACK, for plaintiff in error.

GLENN & COOPER, representing the MERRELLS, *contra*.

*By the Court.*—STEPHENS, J., delivering the opinion.

There was no warranty in the sale of this horse, but on the contrary, an express refusal to give one. The defense to the note must then rest solely upon the misrepresentation of the seller. His statement was that the sore on the horse's eye was produced by a mule bite. The only evidence tending to invalidate this statement, was the *opinion* of a horse doctor, and the opinions of some other non-professional people. These opinions were founded on nothing but the appearance of the sore, which had got to be an old and bad one before it was examined by the witnesses. The jury by their verdict have said that these opinions resting on such a

foundation, were not sufficient to establish the falsehood of the representation; and we cannot say that they were constrained by the evidence to take a different view.

Judgment affirmed.